**Rosendo SONTAY–DELEON,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

No. 02–73298.
Agency No. A77–440–521.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 2003.

Decided Oct. 23, 2003.

Before GOODWIN and KLEINFELD, Circuit Judges, and JONES,* District Judge.

MEMORANDUM**

The Immigration Judge (IJ) found that Sontay–DeLeon did not qualify for withholding of removal–Sontay–DeLeon did not prove that, if deported to Guatemala, there is a clear probability that he will be persecuted on account of his race or imputed political opinion.[1] Neither the incident between Sontay–DeLeon and the soldiers in the mountains nor the muggings in Guatemala City compels the conclusion that Sontay–DeLeon suffered persecution "on account of" his race or his imputed political opinion,[2] and substantial evidence on the record as a whole supports the IJ's deci-

---

* The Honorable Robert E. Jones, Senior United States District Judge for the District of Oregon, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See* Immigration and Nationality Act (INA) § 242(b)(4)(B) (8 U.S.C. § 1252(b)(4)(B));

*Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir. 1995) (noting that eligibility for withholding of removal requires a "showing that it is more likely than not that the alien will be persecuted if deported").

2. INA § 241(b)(3) (8 U.S.C. § 1231(b)(3)); *See INS v. Elias–Zacarias,* 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

287

sion.[3]

Petition DENIED.

**3.** *See Cedano–Viera v. Ashcroft,* 324 F.3d 1062, 1063 n. 1 (9th Cir.2003) (explaining that under the Board of Immigration Appeals' affirmance-without-opinion procedure, "the IJ's decision is the final agency decision for purposes of judicial review"); 8 C.F.R. § 3.1(a)(7)(ii), (iii).

